IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40725-TLS |
| | ) | |
| RANDY WULF and | ) | CH. 12 |
| DEBRA WULF, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

      Hearing was held in Lincoln, Nebraska, on May 7, 2008, on a Motion for Relief From Stay filed by Guide Rock State Bank (Fil. #41), a Motion for Relief From Stay filed by the Billy D. Wernecke Irrevocable Trust (Fil. #43), and Resistances filed by Debtors (Fil. #49 and #50). John C. Hahn appeared for Debtors, and Richard P. Garden, Jr. appeared on behalf of Guide Rock State Bank and the Billy D. Wernecke Irrevocable Trust.

      The facts of this case are unusual, to say the least. Billy D. Wernecke is the stepfather of Randy Wulf. Randy Wulf and Billy D. Wernecke have jointly engaged in a farming operation for several years. There is no written agreement between them with respect to the farming operation. Mr. Wernecke owned farmland in Nuckolls County, Nebraska. He also owned farm equipment. At some unspecified point in time, Mr. Wernecke executed a joint tenancy deed conveying an interest in the farmland to Debtors. That deed is not in the record. Over the years, Debtors and Mr. Wernecke borrowed money from Guide Rock State Bank. Apparently, some funds were borrowed jointly by Debtors and Mr. Wernecke. Mr. Wernecke also borrowed funds individually from Guide Rock State Bank. There is currently due and owing to Guide Rock State Bank over $365,000.00, plus interest, on one loan, and over $101,134.00, plus interest, on another loan.

      Clifford Vogler is the president of Guide Rock State Bank. He is also an attorney. In his declaration (Fil. #64), Mr. Vogler asserts that in late 2006 Mr. Wernecke requested that Mr. Vogler (apparently in his capacity as an attorney) prepare a trust to assist Mr. Wernecke in preserving the farm and other assets. Mr. Vogler prepared the "Billy D. Wernecke Irrevocable Trust," which was signed by Mr. Wernecke as trustor on January 1, 2007. Clifford E. Vogler was named trustee of the trust. This was done at a time when Mr. Vogler was acting as attorney for Mr. Wernecke and was also the president of Guide Rock State Bank, Mr. Wernecke's primary lender. By quitclaim deed dated February 7, 2007, Mr. Wernecke conveyed the farm real estate to the Billy D. Wernecke Irrevocable Trust. That quitclaim deed was filed March 1, 2007. It is unclear whether Debtors also conveyed to the trust any interest in the real estate they may have had as a result of the joint tenancy deed referenced previously, which is not in the record. Billy D. Wernecke, Randy K. Wulf, and Debra K. Wulf are listed in the first paragraph as the "beneficiaries" of the trust. Paragraph VII of the trust indicates that Billy D. Wernecke is the first beneficiary of the trust for his life, with Debtors as second beneficiaries for their lives, or until termination of the trust.

      On April 16, 2007, this Chapter 12 proceeding was filed by Debtors. On July 12, 2007, Debtors filed their Chapter 12 plan, which was confirmed without objection on September 21, 2007.

According to the plan, Guide Rock State Bank is provided an allowed secured claim of $163,000.00 secured by real property. The claim is to be amortized over 20 years at 8% interest, with annual payments commencing December 31, 2007. Guide Rock State Bank is also granted an allowed secured claim secured by vehicles, machinery, and equipment in the amount of $40,000.00. That claim is to be amortized over 10 years at 8% interest, with the first annual payment due December 31, 2007. According to the parties, the payment to Guide Rock State Bank due on December 31, 2007, for the real estate-secured claim was $16,601.91, and the payment due for the personal property claim was $5,961.18. Debtors have not yet made those payments.

Mr. Vogler, as trustee of the trust, entered into a lease of additional farmland and paid all expenses related to the crop inputs for that farmland. Debtors performed the farming operations on both the owned and leased farmlands.

A dispute has apparently arisen between Mr. Vogler, as trustee, and Debtors with respect to the payment of expenses and division of proceeds from the farming operations on the owned and leased lands. Guide Rock State Bank has filed a motion for relief from stay asserting that the plan payments have not been made. Further, Mr. Vogler, as trustee of the Billy D. Wernecke Irrevocable Trust, has also filed a motion for relief from stay. Mr. Vogler wants Debtors removed from the land so that he can make other arrangements for farming the land in 2008 and thereafter. Debtors have resisted both motions asserting that they have the funds to make both payments, but want credit for the $5,961.18 payment due to the receipt by the trust of certain crop insurance proceeds. Further, Debtors have submitted the declaration of Billy D. Wernecke (Fil. #65) stating that he wants the trustee to resign, he believes there is a conflict of interest, and he wants Randy Wulf to farm all of the real estate involved. Mr. Wernecke further claims to have been misled by Mr. Vogler.

Based on the record before me, I cannot help but believe that there is a lot more going on here than meets the eye. Be that as it may, I will first address the motion for relief from stay by Guide Rock State Bank. It is undisputed that Guide Rock State Bank was entitled to receive certain annual payments on December 31, 2007. Those payments were to have been made to the Chapter 12 Trustee. Those payments were not made, apparently as a result of the stated (and perhaps certain unstated) disputes between Debtors and Mr. Vogler. Debtors seem to believe that they should be entitled to a credit against the payments for certain crop insurance proceeds received by the Billy D. Wernecke Irrevocable Trust on the leased land. However, the declaration of Mr. Vogler includes an exhibit in the form of a declaration from Randy Wulf acknowledging that the trust entered into the lease of the leased land, paid all expenses related to the leased land, and was entitled to all crop insurance proceeds for the leased land.

Accordingly, based on the record in front of me, Debtors' claim for a credit against their plan payments for crop insurance proceeds appears to be unfounded. Therefore, by May 30, 2008, Debtors shall pay their delinquent plan payments to the Chapter 12 Trustee. At the time such payment is made to the Chapter 12 Trustee, Debtors shall file an affidavit in this case evidencing such payment. If such payment is made in a timely manner, Guide Rock State Bank's motion for relief will be denied. If Debtors fail to make such payment to the Chapter 12 Trustee by May 30,

2008, Guide Rock State Bank can submit an affidavit evidencing such nonpayment and this Court will consider entering an immediate Order granting relief from the automatic stay.

The motion for relief from stay filed by the Billy D. Wernecke Irrevocable Trust is denied. It is apparent to this Court that Mr. Vogler, as trustee of the trust, has an irreconcilable conflict of interest in light of his status as trustee of the Billy D. Wernecke Irrevocable Trust, attorney for Mr. Wernecke, and president of Guide Rock State Bank, the primary lender to Mr. Wernecke. Mr. Wernecke has submitted his affidavit (Fil. #65) saying he wants Mr. Wulf to farm the land. Mr. Vogler seems to be acting contrary to his wishes.

Finally, there are assertions in the declaration of Mr. Wernecke and in the declaration of Debtors (Fil. #66) with regard to alleged misrepresentations by Mr. Vogler in connection with the trust and with regard to the desire of the beneficiaries to remove Mr. Vogler as trustee of the trust. The resolution of such allegations are beyond the scope of matters to be handled in this bankruptcy court. Therefore, relief from the automatic stay of 11 U.S.C. § 362 is appropriate for purposes of any interested party bringing appropriate proceedings in state court to address issues with respect to the execution of the trust, resignation or removal of the trustee, or conflicts of interest.

THEREFORE, IT IS ORDERED:

(1) The Motion for Relief from Stay by Guide Rock State Bank (Fil. #41) is denied. Provided, however, Debtors shall cure the delinquent plan payments by May 30, 2008 as provided above. If they fail to do so, this Court will consider entering an order granting relief from stay upon submission of an affidavit by Guide Rock State Bank;

(2) The Motion for Relief from Stay by Clifford Vogler, Trustee of the Billy D. Wernecke Irrevocable Trust is denied; and

(3) Relief from the automatic stay of 11 U.S.C. § 362 is granted for purposes of any interested party bringing appropriate proceedings in state court to address issues with respect to the execution of the Billy D. Wernecke Irrevocable Trust, resignation or removal of the trustee, or conflicts of interest.

DATED: May 15, 2008.

BY THE COURT:

Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    John C. Hahn

    *Richard P. Garden, Jr.
    James A. Overcash
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.